**COTTON STATES MUTUAL INSURANCE COMPANY, INC., Plaintiff,**

v.

**Jerry D. PEACOCK; Brad Smithart; Cynthia Smithart, Defendants.**

**Civil Action No. 96–A–807–N.**

United States District Court, M.D. Alabama, Northern Division.

Dec. 24, 1996.

George P. Ford, Gadsden, AL, for plaintiff.

James F. Hampton, Montgomery, AL, for defendants.

### Memorandum Opinion and Order

ALBRITTON, District Judge.

On May 14, 1996, Cotton States Mutual Insurance Company, Inc. ("Plaintiff") filed the present action against Jerry D. Peacock, Brad Smithart, and Cynthia Smithart ("Defendants") seeking a determination of its obligations under a homeowners insurance policy issued by the Plaintiff to defendant Peacock. Federal jurisdiction is predicated on diversity of citizenship. On June 6, 1996, defendant Peacock filed a Motion to Dismiss on the grounds that the amount in controversy requirement has not been satisfied and therefore the court lacks subject matter jurisdiction. The case is presently before the court on defendant Peacock's Motion to Dismiss.

### Facts

On July 17, 1995, Brad and Cynthia Smithart filed an action against Jerry Peacock in the Circuit Court of Bullock County, Alabama. The Smitharts' lawsuit seeks unspecified compensatory and punitive damages resulting from the alleged intentional shooting of their pet Labrador retriever on January 5, 1995. On the date of the alleged shooting, Mr. Peacock had in force a "Homeowners" policy of insurance issued by the Plaintiff. The insurance policy provides $100,000 in liability coverage to Mr. Peacock. On March 18, 1996, Mr. Peacock notified the Plaintiff of the civil action pending against him and requested that the Plaintiff defend him in that action and indemnify him for any judgment rendered against him. On May 14, 1996, the Plaintiff filed the present declaratory judgment action.

### Discussion

Under 28 U.S.C. § 2201, a party may file an action in federal court seeking a declaratory judgment where there is "a case of actual controversy within [the court's] jurisdiction." Therefore, in a declaratory judgment action the plaintiff must establish that the controversy falls within the subject matter jurisdiction of the court. In this case, the Plaintiff maintains that jurisdiction is proper under 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $50,000. Defendant Peacock asserts that the Plaintiff has failed to establish that the amount in controversy exceeds $50,000.

The Plaintiff asserts that the limit of its insurance policy with Mr. Peacock is $100,000. The Plaintiff also asserts that the lowest settlement offer that has been made by the Smitharts to Mr. Peacock is $100,000, however, the Plaintiff has not presented any document to the court reflecting these settlement offers. The Plaintiff also points to the Smitharts' request for punitive damages and the sizable punitive damage verdicts which have been rendered by juries in Bullock County. On that basis, the Plaintiff argues that the evidence establishes that the amount in controversy could conceivably exceed $50,000.

The Plaintiffs in the underlying suit, Brad Smithart and Cynthia Smithart, appear from the file to have been served with process on May 17, 1996. The Smitharts, however, have not responded to the complaint. For that reason, the pleadings in this case do not reflect whether or not the Smitharts are actually seeking damages of over $50,000 in the state court action. The court considers that to be determinative of the jurisdictional issue in this case. This court does not feel it appropriate to speculate as to the amount of any verdict in that action in the event the Plaintiffs are successful. The amount in controversy in this declaratory judgment action should be determined on the basis of the $100,000 potential exposure under the policy and a determination of whether the Plaintiffs in the state court action are limiting their claim against the policyholder to less than $50,000. The court is of the opinion that, if the Smitharts file an answer stating unequivocally that they do not seek in excess of $50,000 in the state court action and that they will not accept a verdict in excess of $50,000, then this court will determine that the amount in controversy to establish federal jurisdiction has not been met. In the absence of such an unequivocal answer, the court will find that the jurisdictional amount

is established. Therefore, it is hereby OR-DERED as follows:

1. Brad Smithart and Cynthia Smithart are given **until January 10, 1997,** to file an answer to the complaint stating unequivocally that they do not seek in excess of $50,000 and will not accept a verdict in excess of that amount in the state court action, if they wish to make such a statement.

2. The Motion to Dismiss will be taken under submission on January 10, 1997, for determination without oral argument.